IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAY BLANCHARD ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 1:21-cv-1494-LKG |
| v. ) | |
| ) | Dated: December 13, 2023 |
| WARDEN GREGORY A. WERNER, and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE OF MARYLAND ) | |
| ) | |
| Respondents. ) | |

USDC- GREENBELT
'23 DEC 14 PM 1:00

## MEMORANDUM OPINION

Self-represented Petitioner Ray Blanchard, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 probation violation in the Circuit Court for Prince George's County, Maryland. ECF No. 1. Respondents filed an Answer arguing Blanchard's claims are time-barred, procedurally defaulted, and lack merit. ECF No. 18. Blanchard responded. ECF No. 20, 29. Blanchard also filed a Motion for the Court to Recognize Conflict of Interest (ECF No. 22), which Respondents have opposed. ECF No. 26.

No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition and Blanchard's Motion to Recognize Conflict of Interest (ECF No. 22) shall be **DENIED**, and a certificate of appealability shall not issue.

## I. BACKGROUND

On March 18, 2002, Blanchard pled guilty to first-degree assault and reckless endangerment in the Circuit Court for Prince George's County.[1] On May 10, 2002, the circuit court sentenced Blanchard on the first-degree assault charge to twenty years' incarceration, all but six years suspended, and five years' supervised release. ECF No. 18-2 at 10. The circuit

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

court imposed a sentence of five years' incarceration, concurrent, on the reckless endangerment charge. *Id.* Blanchard did not file a direct appeal.

Blanchard was released on probation in 2005. ECF No. 18-10 at 15. In 2007, he was indicted in this Court on a federal firearms offense. *United States v. Blanchard*, No. 8:07-cr-00143-PJM-1. On November 14, 2008, after trial by jury, Blanchard was found guilty. No. 8:07-cr-00143-PJM-1; ECF No. 65. He was originally adjudicated as an "armed career criminal" and sentenced to three hundred twenty-seven months. No. 8:07-cr-00143-PJM-1; ECF No. 85. Following United States Supreme Court and Fourth Circuit precedent, Blanchard filed an unopposed motion to vacate his sentence on the grounds that three of his prior convictions no longer qualified as violent felonies. No. 8:07-cr-00143-PJM-1; ECF No. 138. The Court granted Blanchard's motion and resentenced him to one hundred twenty months on November 25, 2014. No. 8:07-cr-00143-PJM-1; ECF No. 143.

On April 11, 2007, a bench warrant was issued for Blanchard for violation of his probation. ECF No. 11-1 at 13. The docket notes that Blanchard wrote a letter to the circuit court "in regards to detainer" on July 29, 2009, and he also made several written requests for the disposition of his probation violation in 2014. ECF No. 11-1 at 13. Hearings were held on Blanchard's probation violation in 2015. ECF Nos. 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9. He was represented by Suzanne Grimes and Kimberly Righter. At the hearing on September 17, 2015, Blanchard admitted to the probation violation based on his federal firearm conviction. ECF No. 18-8 at 9. The circuit court judge stated on the record that Blanchard's sentence was to be fourteen years (*id.* at 12), but the corresponding docket entry and commitment order sentenced Blanchard to sixteen years. ECF No. 11-1 at 15, 102.

Blanchard filed an application for review of his sentence by a three-judge panel on November 17, 2015. ECF 11-1 at 184-186. The circuit court denied the application as untimely on January 2, 2016. *Id.* at 105.

On May 17, 2018, Blanchard filed a *pro se* petition for postconviction relief. ECF No. 11-1 at 81-99. Blanchard alleged that the two attorneys who represented him during the probation violation proceedings were ineffective in various ways and that he was denied due process because of the length of time it took the circuit court to adjudicate his violation. On March 31, 2020, Blanchard's appointed counsel supplemented the petition, reiterating

2

Blanchard's due process argument and adding that his counsel was ineffective for failing to file a timely application for review of his sentence by a three-judge panel. *Id.* at 143-161.

The post-conviction court held a hearing on June 17, 2021. ECF No. 18-10. At the outset of the hearing, the state agreed that the sixteen-year sentence entered in the docket for the probation violation was incorrect. *Id.* at 18. The state also agreed that probation should not have been ordered for the reckless endangerment charge, so the sentence entered for that charge was illegal. *Id.* at 9-10. The post-conviction court agreed to vacate the sentence for the reckless endangerment charge and ordered a new commitment order to reflect a fourteen-year sentence with credit for one hundred eleven days served. *Id.* at 10.

Blanchard and his counsel for the probation violation proceedings, Suzanne Grimes and Kimberly Righter, testified at the post-conviction hearing. After hearing arguments from the parties, including Blanchard on his *pro se* claims, the post-conviction court ruled from the bench. *Id.* at 86-91. The post-conviction court granted in part and denied in part Blanchard's petition for relief. The post-conviction court also granted Blanchard's request to file a belated application for review of his sentence by a three-judge panel. *Id.* at 87-88. Blanchard's petition was denied in all other respects.

On September 1, 2021, Blanchard filed a *pro se* application for leave to appeal the denial of his post-conviction petition with Court of Special Appeals, now known as the Appellate Court of Maryland. ECF No. 14-1 at 3-20. The Appellate Court of Maryland remanded the matter to Prince George's County for issuance of a statement of reasons for the judgment. ECF No. 14-1 at 26-27. The post-conviction court prepared an order and attached the transcript of the June 17, 2021, hearing. *Id.* at 28-49. On April 27, 2022, The Appellate Court of Maryland summarily denied leave to appeal. *Id.* at 50-51.

On June 10, 2021, Blanchard filed his Petition in this Court. *See* ECF No. 1; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). Blanchard asserts the following claims:

> (1) His violation of probation (VOP) counsel, Grimes, was ineffective for failing to challenge the delay in the adjudication of his violation[2];

---

[2]    For clarity and brevity, the Court has condensed Blanchard's claims related to the delay of the probation proceedings, including those related to the failure to challenge the circuit court's jurisdiction (ECF No. 1 at 11) and failure to assert deprivation of fair legal process into a single claim.

3

(2) His VOP counsel, Righter, was ineffective for failing to challenge the delay in the adjudication of his violation;

(3) His VOP counsel, Grimes, was ineffective for failing to subpoena witnesses to the violation hearing;

(4) His VOP counsel, Grimes, was ineffective for failing to argue he was under the influence of ecstasy during his 2007 arrest and sentencing;

(5) His VOP counsel, Righter, was ineffective for failing to argue he was under the influence of ecstasy during his 2007 arrest and sentencing;

(6) His VOP counsel, Grimes, was ineffective for stipulating to the probation violation without his consent;

(7) His VOP counsel, Righter, was ineffective for failing to file an application for review of his sentence by the three-judge panel;

(8) His VOP counsel, Righter, was ineffective for failing to appeal his probation violation to the Appellate Court of Maryland;

(9) His due process rights were violated because of the delay in the adjudication of the probation violation[3];

(10) His due process rights were violated because he was denied the right to counsel at the probation violation proceedings.

Respondents originally filed a Limited Answer on October 21, 2021, contending that Blanchard's claims should be dismissed as unexhausted because they were still pending before the circuit court. ECF No. 11. On May 11, 2022, Respondents sought and received permission to file a Supplemental Answer on the grounds that the Appellate Court of Maryland had denied Blanchard's application for leave to appeal on April 27, 2022, and exhaustion was "imminent." ECF No. 14. Leave was granted, and Respondents filed a Supplemental Answer on July 27, 2022, contending the Petition is time-barred, and the claims are either procedurally defaulted or without merit. ECF No. 18.

---

[3] For clarity and brevity, the Court has condensed Blanchard's claims related to the delay of the probation proceedings, including those related to the statute of limitations (ECF No. 1 at 19) and the unconstitutional probation detainer (*id.* at 21) into a single claim.

I.  **TIMELINESS**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. § 2244(d)(2).

Respondents argue that Blanchard's Petition is untimely because the statute of limitations began to run on November 9, 2015, which is the last day he could have sought an application for leave to appeal his probation violation. ECF No. 18 at 23. However, Respondents do not discuss or acknowledge the impact of the post-conviction court vacating Blanchard's probation violation sentence and entering a corrected sentence.

Resentencing restarts the clock on the one-year statute of limitation. The Antiterrorism and Effective Death Penalty Act (AEDPA) states that the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147,

156 (2007) (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937)). Direct review cannot conclude for purposes of this statute until the availability of direct appeal to the state courts, and to the Supreme Court, has been exhausted. *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009) (citations omitted). Until that time, the process of direct review has not come to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence. *Id.* at 119-20 (citations omitted). As a result, if the sentence is the judgment, then whenever a petitioner is resentenced, a new judgment is issued and the AEDPA statute of limitations clock begins to run for all claims related to a petitioner's "conviction and sentence." *Burton,* 549 U.S. at 156-57.

As mentioned above, Blanchard was resentenced on his probation violation at the post-conviction hearing on June 17, 2021. He filed an application for leave to appeal, which was denied by the Appellate Court of Maryland on April 27, 2022. By that time, Blanchard's federal habeas Petition was already pending in this Court. Blanchard's Petition is timely, and the Court will proceed to address the Respondents' procedural default defense.

## II.   PROCEDURAL DEFAULT

Procedural default occurs when the petitioner failed to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor,* 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone,* 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook,* 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard,* 134 F.3d at 619 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991)).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Appellate

Court of Maryland and then to the Supreme Court of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Appellate Court of Maryland. *Id.* § 7-109. If the Appellate Court of Maryland denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

A procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Maryland law does not permit a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a).

The record reflects that Blanchard failed to include Ground Three and Ground Four in his application for leave to appeal the denial of his post-conviction petition to the Appellate Court of Maryland. Blanchard's failure to present his claims that VOP counsel Grimes was ineffective for not subpoenaing witnesses and not arguing he was under the influence of ecstasy to the Appellate Court of Maryland in an application for leave to appeal renders those claims procedurally defaulted. *See Pevia v. Bishop*, Civil. No. ELH-16-1223, 2019 WL 3412649, at *13 (D. Md. July 26, 2019) ("The unexhausted claims are procedurally defaulted, as [Petitioner] failed to present them in his application for leave to appeal and the state courts would now find that he cannot assert those claims.").

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that

7

the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Blanchard was provided with an opportunity to respond to the argument that Grounds Three and Four are procedurally defaulted. ECF No. 24. Blanchard provided no viable argument to excuse his procedural default, instead reiterating his assertions that the VOP court lacked jurisdiction. ECF No. 29. Absent cause and prejudice or a finding of actual innocence, this Court is barred from considering the merits of Grounds Three and Four.

### III.  STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet" and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.")). Absent a violation of constitutional rights or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (holding that, where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

## IV. DISCUSSION

### A. Grounds One and Two

In Grounds One and Two, Blanchard contends his VOP counsel, Grimes and Righter, were ineffective for failing to challenge the delay in the adjudication of his violation. At the close of the post-conviction hearing, the court addressed all of Blanchard's claims related to the delay of adjudication of his probation violation. The post-conviction court found that the state promptly issued a detainer for the violation. ECF No. 18-10 at 88-91. The post-conviction court also concluded that it was "virtually impossible" for the circuit court to obtain an inmate in federal custody for a probation violation hearing. *Id.* The post-conviction court determined that Blanchard suffered no actual prejudice because during the time of the delay he was serving a twenty-seven-year federal sentence, so no impairment of the defense or inability to mitigate damages could be attributed to the delay. *Id.* For these reasons, the post-conviction court also found that Blanchard's counsel was not ineffective for any alleged failures related to the delay. *Id.*

Whether a state's delay in seeking revocation of a suspended sentence offends due process is a function of reasonableness and prejudice. And, whether a state acted within a reasonable time ... depends upon all the circumstances of the particular case. *Farabee v. Clarke*, 967 F.3d 380, 393 (4th Cir. 2020) (internal citations and quotations omitted). Here, the post-conviction court determined that the state did not act unreasonably because a detainer was promptly issued, and Blanchard was not prejudiced because he was incarcerated on federal charges during the delay. This conclusion is neither contrary to nor an unreasonable application of federal law. Grounds One and Two are without merit and are dismissed.

### B. Ground Five

In Ground Five, Blanchard contends that his VOP counsel, Righter, was ineffective for failing to argue that he was under the influence of ecstasy during his 2007 arrest and sentencing. During the October 9, 2015, probation violation hearing, Righter argued in mitigation that the 2007 conviction for first-degree assault involved a situation that could be construed as self-defense. ECF No. 18-9 at 8-9. The circuit court was unmoved, commenting, "And he hit him. He struck him. He shot him. And bottom line, he shot him." *Id.* at 9. Blanchard was given an opportunity to address the court. He also argued that the offenses in 2007 were the result of self-

9

defense. *Id.* at 10-11. However, the judge imposed a consecutive sentence because the federal firearms charge was Blanchard's third gun offense. *Id.* at 11.

Blanchard asserted Ground Five in his *pro se* post-conviction petition. ECF No. 11-1 at 93. The post-conviction court did not address Ground Five when it dismissed Blanchard's petition from the bench during the hearing on June 17, 2021. Despite this fact, Respondents argue that this Court should employ deferential review. ECF No. 18 at 57. In *Johnson v. Williams*, 568 U.S. 289 (2013), the Supreme Court explained, that while generally, federal relief is confined only to those claims "already adjudicated on the merits" in state court, *id.* at 292 (quoting 28 U.S.C. § 2254(d)), "[w]hen the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to an unencumbered opportunity to make his case before a federal judge." *Id.* at 303. Arguably, the post-conviction court overlooked Blanchard's claim because it was unrelated to the other ineffective assistance of counsel claims based on delay of the proceedings. In any event, the Court need not resolve the question because Ground Five fails on deferential or de novo review.

The record establishes that counsel and Blanchard's strategy at the probation hearing was to stress that self-defense led to the 2007 convictions and not a history of drug abuse. When given the chance, Blanchard did not tell the court that he had a problem with ecstasy. Regardless, considering the judge imposed the sentence based on Blanchard's history of gun offenses, he has failed to show that he was prejudiced by his counsel's failure to argue drug abuse in mitigation at his probation violation hearing. Ground Five is therefore without merit and is dismissed.

### C. Ground Six

In Ground Six, Blanchard contends that VOP counsel, Grimes, was ineffective for stipulating to the probation violation without his consent. Blanchard asserted this claim in his *pro se* post-conviction petition. The post-conviction court did not address Ground Six when dismissing Blanchard's petition. Like Ground five, the Court need not resolve the question of deferential or de novo review because Ground Six fails regardless of the standard.

The record unequivocally establishes that Blanchard's counsel did not stipulate to the probation violation without his consent. On September 17, 2015, Blanchard told the circuit court, "I violated my probation…" ECF No. 18-8 at 9. The circuit court entered a violation based on Blanchard's admission. ECF No. 18-8 at 11. Moreover, the circuit court admitted into

evidence the record of Blanchard's federal conviction, which was considered a technical violation of his probation. *Id.* at 6.

Ground Six is without merit and is dismissed.

### D. Ground Seven

In Ground Seven, Blanchard contends that his VOP counsel, Righter, was ineffective for failing to file an application for review of his sentence by a three-judge panel. Blanchard was granted relief on this claim by the post-conviction court. ECF No. 11-1 at 87-88. Although he has been granted permission, there is no indication in the record that Blanchard has filed a belated motion for a three-judge panel to review his sentence. Because Blanchard was granted relief, this claim is moot.

Blanchard is not entitled to habeas relief on the grounds that his counsel was ineffective. He is not "in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254. In other words, his custody does not stem from his counsel's alleged deficiencies in connection with the three-judge panel process. Moreover, 28 U.S.C. § 2254(i) overtly prohibits habeas relief from claims of ineffective assistance of counsel in post-conviction collateral review proceedings. *See Wall v. Kholi*, 562 U.S. 545 (2011)(finding that a motion for discretionary sentence reduction is collateral review).

### E. Ground Eight

In Ground Eight, Blanchard contends his VOP counsel, Righter, was ineffective for failing to appeal his probation violation to the Appellate Court of Maryland. Blanchard asserted Ground Eight in his post-conviction petition (ECF No. 11-1 at 95) but the post-conviction court did not address it in the ruling from the bench dismissing the petition. Like Grounds Five and Six, Ground Eight is without merit, regardless of whether it reviewed under a deferential or de novo standard of review.

"A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals" and therefore cannot "be deprived of the effective assistance of counsel by his [] counsel's failure to file the application [for a discretionary appeal] timely." *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Because in Maryland an application for leave to appeal is a discretionary proceeding, "the right to counsel does not extend to an application for leave to appeal" *McElroy v. State*, 329 Md. 136, 158 n.7 (1993) (Bell, J.,

dissenting). Nor is there an applicable constitutional right to counsel for filing of an application for leave to appeal. *Id.*

Accordingly, Ground Eight, is non-cognizable in federal habeas review, is without merit, and is dismissed.

### F. Ground Nine

In Ground Nine, Blanchard contends his is due process rights were violated because of the delay in the adjudication of the probation violation. Ground Nine is without merit and is dismissed for the same reasons as discussed in Grounds One and Two, *supra*.

### G. Ground Ten

In Ground Ten, Blanchard contends his due process rights were violated because he was denied the right to counsel at the probation violation proceedings. Respondents argues that this claim is a restatement of Blanchard's ineffective assistance of counsel claims. It appears as though Blanchard asserted a claim in his post-conviction petition that his counsel engaged in "misconduct," (ECF No. 11-1 at 127-128), but articulated the same or a similar claim in his application for leave to appeal the denial of his post-conviction petition that there was a conspiracy between the public defender's office and the prosecutors that left him, *de facto*, without representation at his probation violation hearings. ECF No. 14-1 at 7-8.

The record affirmatively demonstrates that Blanchard was represented by counsel at each probation violation hearing. ECF Nos. 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9. Blanchard offers a single unrelated newspaper article about the investigation of a couple of private Maryland attorneys for violations of the state Consumer Protection Act. ECF No. 1-2 at 7. These attorneys were not the public defenders or the prosecutors involved in Blanchard's probation violation proceedings. Blanchard's conspiracy theory is simply without merit, he was not denied representation at his probation violation hearings,[4] and Ground Ten is dismissed.

### V. MOTION TO RECOGNIZE CONFLICT OF INTEREST

Blanchard has moved the Court to disqualify counsel for Respondents. Specifically, Blanchard alleges that his pending civil rights suit against the Attorney General's Office creates a conflict of interest. ECF No. 22. Respondents oppose the Motion, arguing that disqualification is a drastic remedy for which there is no plausible basis and Blanchard's civil suit as well as the

---

[4] Respondents do not contest (ECF No. 18 at 40, fn. 22), and therefore the Court does not address whether the Sixth Amendment guarantees the right to representation at probation violation proceedings.

disqualification motion appear to be a "transparently strategic, if misguided effort at gamesmanship." *Id.* at 5.

The Court agrees. The guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings. *See Jarallah v. Thompson*, 123 F. Supp. 3d 719, 731 (D. Md.), aff'd, 627 F. App'x 185 (4th Cir. 2015). Because disqualification necessarily results in the drastic result of a party losing its freely chosen counsel the movant "bear[s] 'a high standard of proof to show that disqualification is warranted.'" *Franklin v. Clark,* 454 F. Supp. 2d 356, 364 (D. Md. 2006). The pending civil rights suit initiated by Blanchard provides no legitimate basis to remove the Respondents' counsel. Blanchard's Motion is denied.

## VI. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Blanchard has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Blanchard may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## VII. CONCLUSION

For the foregoing reasons, the Court will deny Blanchard's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

12-13-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

13